**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

IN RE AFRL GROUP 5 HEARING,
    Appellant,

    v.

DEPARTMENT OF THE AIR FORCE,
    Agency.

DOCKET NUMBER
NY-0752-14-0096-I-1[1]

DATE: November 16, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[2]

Ralph L. Kohler, Jr., Oneida, New York, for the appellants.

Aaron Roberts, Joint Base Andrews, Maryland, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1  The appellants have filed a petition for review of the initial decision, which sustained their furloughs from employment pursuant to sequestration. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] The appellants who are included in this consolidation are set forth in Appendix A.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioners have not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellants serve in various positions with the agency at the Air Force Research Laboratory in Rome, New York. The agency proposed to furlough each of the appellants for no more than 11 days due to the budget shortfall resulting from the President's March 1, 2013 sequester order. *See* Consolidation Appeal File (CAF), Tab 5 at 60-61. After giving the appellants an opportunity to respond to the proposed furlough, the agency issued decision letters imposing an 11-day furlough, which it subsequently reduced to no more than 6 days. *Id*. at 56-57 (decision letter), 49-50 (Secretary of Defense's memorandum reducing the number of furlough days).

¶3 The appellants filed timely appeals of their furloughs, which the administrative judge consolidated. CAF, Tab 1. Following a hearing, the administrative judge issued an initial decision sustaining the agency's furlough action. CAF, Tab 15, Initial Decision (ID). In her initial decision, the administrative judge found that the agency established its need to furlough the appellants as a result of sequestration and that the furlough promoted the efficiency of the service. ID at 9. The administrative judge further rejected the appellants' argument that the furlough was unreasonable because none of the

savings that resulted from their furloughs was used to offset the agency's operations and maintenance (O&M) budget shortfall.  ID at 9-10 (citing *Yee v. Department of the Navy*, 121 M.S.P.R. 686 (2014)).  Lastly, the administrative judge concluded that the agency imposed the furlough in a fair and even manner despite the fact that employees who performed similar work were exempt from the furlough because they were paid from National Intelligence Program (NIP) funds, a category of funding not subject to sequestration.  ID at 10.

¶4  The appellants have filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1.  On review, the appellants primarily renew their argument that any specific cost savings that resulted from their furloughs was not used to offset the agency's O&M budget shortfall because the agency lacked Congressional authority to transfer such savings.  PFR File, Tab 1 at 5-7 (citing 31 U.S.C. § 1301).  In support of this argument, the appellants maintain that the administrative judge denied them the opportunity to present evidence on this issue when she precluded them from questioning an agency witness about the savings that resulted from the furloughs, and whether such savings were transferred to the O&M budget.  *Id*. at 8.  The agency has filed a response in opposition to the petition for review, and the appellants have filed a reply.[3]  PFR File, Tabs 9, 15.

---

[3] The record reflects that after filing their petition for review 1 day late, on July 21, 2015, the appellants subsequently filed a motion requesting that the Board accept their petition for review as timely.  PFR File, Tabs 1, 9.  In light of the circumstances of this appeal, and in the interests of addressing the merits of the appellants' claims on review, we grant the appellants' motion and accept the petition for review as timely filed.  On July 23, 2015, the agency filed a response to the petition for review and simultaneously requested that the Board accept the response as timely.  PFR File, Tab 11.  Because the Board issued an amended acknowledgment letter on July 15, 2015, indicating that the agency's deadline to file a response was July 24, 2015, and because the agency filed its response on July 23, 2015, we find that the agency's response was timely filed.  PFR File, Tabs 6, 11.  Finally, we note that the appellants' reply to the agency's response was timely filed, as the Office of the Clerk of the Board previously issued an order granting the appellants' request for an extension of time and they filed their reply by

¶5    The Board has found that an agency meets its burden of proving that a furlough promotes the efficiency of the service by showing, in general, that the furlough was a reasonable management solution to the financial restrictions placed on it and that the agency applied its determination as to which employees to furlough in a fair and even manner. *In re Tinker AFSC/DP v. Department of the Air Force*, 121 M.S.P.R. 385, ¶ 14 (2014). A "fair and even manner" means that the agency applied the adverse action furlough uniformly and consistently. *Chandler v. Department of the Treasury*, 120 M.S.P.R. 163, ¶ 8 (2013). Proving that the furlough was imposed in such a manner, however, does not mean that the agency must satisfy the Board's sense of equity. *Id.* Rather, the agency must show that it treated similar employees similarly, and it must justify any deviations with legitimate management reasons. *Id.*

¶6    The Board, moreover, has held that the efficiency of the service standard for a furlough action must be judged from the viewpoint of the Department of Defense (DOD), and not from the individual military departments under its authority. *See Yee*, 121 M.S.P.R. 686, ¶¶ 13-14. In *Yee*, the Board sustained the furlough action upon finding that it was reasonable for the DOD to consider its budget situation holistically, rather than considering each military department's situation individually. *Id.* Additionally, in *Einboden v. Department of the Navy*, 122 M.S.P.R. 302, ¶ 18 (2015), the Board explained that an agency is not required to show that any funds saved from an employee's furlough were actually used for any other purpose; instead, the Board found that, to meet the efficiency of the service standard, it is enough for the agency to show that the furlough action was a reasonable management solution at the time the action was taken. The U.S. Court of Appeals for the Federal Circuit recently issued a precedential decision affirming *Einboden*, finding that an agency is not "required to show actual re-programming of the funds saved by [an employee's] furlough." *See*

the new deadline set forth by the Office of the Clerk of the Board. PFR File, Tabs 13-15.

*Einboden v. Department of the Navy*, No. 2015-3117, 2015 WL 5730370, at *3 (Fed. Cir. Oct. 1, 2015).

¶7        Applying these standards, we agree with the administrative judge that the agency established cause for taking the furlough action based upon the March 1, 2013 sequester order and the resulting budget shortfall, and that the agency's furlough promoted the efficiency of the service.  ID at 9-10.  Under both *Einboden* and *Yee*, the DOD was entitled to consider its budget situation holistically in determining whether it needed to furlough civilian employees, and the agency was not required to prove that the specific funds saved from the appellants' furloughs were transferred into the O&M budget.  *See Einboden*, 122 M.S.P.R. 302, ¶¶ 15-16; *Yee*, 121 M.S.P.R. 686, ¶ 14.  The appellants' argument that the agency failed to show that the savings from their furloughs was used to supplement the O&M budget thus does not present a basis for overturning the initial decision or reversing the furlough.  *See Einboden*, 122 M.S.P.R. 302, ¶ 18; *see also Einboden*, No. 2015-3117, 2015 WL 5730370, at *3 (explaining that an agency does not need to "show actual re-programming of the funds saved by the furlough").

¶8        We further find no error with the administrative judge's decision to exclude testimony concerning the transfer of funds to the O&M budget.  PFR File, Tab 1 at 8.  Administrative judges have broad discretion to regulate the proceedings before them, including the authority to rule on discovery motions and to exclude witness testimony that is irrelevant, immaterial, or redundant.  *See Defense Intelligence Agency v. Department of Defense*, 122 M.S.P.R. 444, ¶ 16 (2015); *Gregory v. Federal Communications Commission*, 79 M.S.P.R. 563, ¶ 15 (1998).  Because the agency was not required to prove that any funds saved from the furlough were used for another DOD purpose, *see Einboden*, 122 M.S.P.R. 302, ¶ 18, the administrative judge acted within her discretion in limiting the scope of testimony during the hearing.

¶9        We also find no merit to the appellants' argument that the furlough was not imposed in a fair and even manner because similar employees, who were paid from a different funding source, were not furloughed.  ID at 10.  In *Defense Intelligence Agency v. Department of Defense*, the Board addressed whether appellants who might be better aligned with employees who were performing NIP-related functions, but who were paid with non-NIP funds, should have been exempted from the furlough, *see* 122 M.S.P.R. 444, ¶¶ 8, 11-12.  In rejecting the appellants' challenge to their furloughs in that case, the Board recognized that agencies have the authority to exempt certain employees from the furlough, provided that the agency has not targeted employees for personal reasons or exempted others without a legitimate management reason.  *Id*., ¶ 11; *see Lopez v. Department of the Navy*, 121 M.S.P.R. 647, ¶ 15 (2014).  We concur with the administrative judge that the different source of funding for the exempted employees provides a legitimate management reason for their differing treatment, and the appellants have presented no argument on review that they were targeted by the agency for personal reasons in connection with the furlough.  *See Lopez*, 121 M.S.P.R. 647, ¶ 18 (finding no evidence that the criteria used to select employees for a furlough was chosen to target or exempt specific employees).

¶10       Based on the foregoing, we agree with the administrative judge that the agency established cause to furlough the appellants.  The administrative judge's initial decision is accordingly affirmed, and the appellants' petition for review is denied.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services

provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.

APPENDIX A

IN RE AFRL GROUP 5 HEARING
NY-0752-14-0096-I-1

| | |
|---|---|
| Albert G. Frantz | NY-0752-13-0851-I-1 |
| Alex F. Sisti | NY-0752-13-0816-I-1 |
| Angela M. Lipe | NY-0752-13-0869-I-1 |
| Dale W. Richards | NY-0752-13-0718-I-1 |
| David A. Canestrare | NY-0752-13-0616-I-1 |
| Gennady R. Staskevich | NY-0752-13-0714-I-1 |
| Jaclyn A. Karam | NY-0752-13-0743-I-1 |
| James F. Reilly | NY-0752-13-0793-I-1 |
| James P. Hanna | NY-0752-13-0880-I-1 |
| Jerry L. Dussault | NY-0752-13-0821-I-1 |
| JoAnn C. Soriano | NY-0752-13-0757-I-1 |
| John G. Parker | NY-0752-13-0779-I-1 |
| Kyle R. Holbritter | NY-0752-13-0755-I-1 |
| Michael F. Seifert | NY-0752-13-0884-I-1 |
| Ralph L. Kohler | NY-0752-13-0802-I-1 |
| Randall J. McIntyre | NY-0752-13-0781-I-1 |
| Rebecca J. Bussjager | NY-0752-13-0853-I-1 |
| Robert S. McHale | NY-0752-13-0783-I-1 |
| Stanley J. Wenndt | NY-0752-13-0761-I-1 |
| William D. Lewis | NY-0752-13-0716-I-1 |